UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| J. MICHAEL HAYES, ESQ., | 01-CV-0907E(Sr) |
| Plaintiff, | |
| -vs- | MEMORANDUM |
| | and |
| NELSON F. ZAKIA, ESQ., In His Capacity As Chairman Of The State Of New York Attorney Grievance Committee Of The Eighth Judicial District, | ORDER[1] |
| Defendant. | |

_____

Plaintiff J. Michael Hayes, Esq. commenced this action on December 14, 2001, seeking declaratory and injunctive relief against defendants — the State of New York Attorney Grievance Committee of the Eighth Judicial District (the "Grievance Committee") and Nelson F. Zakia, Esq., in his capacity as Chairman of the Grievance Committee.  On April 22, 2002, the Grievance Committee was dismissed from this action, leaving Zakia as the sole defendant.  Plaintiff, in his Complaint, sought (1) a declaration that Disciplinary Rule ("DR") 2-105(c)(1), 22 N.Y.C.R.R. §1200.10(c)(1), — which governs statements made by attorneys that they are specialists in a particular area of law — is both facially unconstitutional and unconstitutional as applied to his use of the terms "Board Certified by the National Board of Trial Advocacy as a Civil Trial Specialist" and "Board Certified Civil Trial Advocate" in his advertising and (2)

---

[1] This decision may be cited in whole or in any part.

a permanent injunction enjoining defendant from enforcing the provisions of DR 2-105(c)(1) against him.  Plaintiff moved for summary judgment on August 4, 2003 and defendant cross-moved for summary judgment on September 12, 2003.  On July 26, 2004, the undersigned denied plaintiff's motion, granted defendant's cross-motion with respect to plaintiff's claim that DR 2-105(c)(1) unconstitutionally infringed on his First Amendment rights and denied defendant's cross motion with respect to plaintiff's claim that DR 2-105(c)(1) is unconstitutionally vague ("July 26 Order").  The parties were scheduled to commence a bench trial on May 16, 2005, prior to which date — on May 2, 2005 —, plaintiff served a subpoena on defendant's counsel, Michael J. Russo, Esq.  In response, on May 4, Russo filed a motion to quash the subpoena and, in the alternative, a motion to withdraw as defendant's counsel. Upon defendant's request, the undersigned issued an Order to show cause why defendant's motion to quash should not be granted.  For the reasons set forth below, plaintiff has not shown why defendant's motion to quash should not be granted and plaintiff's subpoena will be quashed.

The facts are set forth in great detail in the July 26 Order and a reiteration is not necessary here. Plaintiff claims that the July 26 Order's finding that there were issues of fact relating to whether the Grievance Committee has vacillated in its position regarding the language specifically and actually required by DR 2-105(c)(1) was supported by Russo's assertions in his declarations.  (See July 26 Order at 14 n.

17.)  Plaintiff claims that he does not know if Russo made said assertions with or without the authority of defendant.  Plaintiff, therefore, claims that, as the Grievance Committee's position is at issue, Russo's declaration's apparent inconsistency with other evidence submitted by the Grievance Committee makes him a material witness.

Russo, in support of his motion to quash, claims, *inter alia*, that he has no relevant or necessary testimony that would be of evidentiary value at trial and, if defendant's motion to quash is denied and he has to testify, the subpoena becomes a *de facto* disqualification motion.  Russo, in the alternative, filed a motion to withdraw as counsel because DR 5-102(d), 22 N.Y.C.R.R. §1200.21(d), states that, once an attorney learns that he will be called by the opposing party as a trial witness and that his testimony could be prejudicial to his client's case, the attorney must withdraw as counsel.  As such, if the motion to quash is denied, Russo claims that he cannot continue to represent defendant, but that defendant can retain another attorney from the Attorney General's Office, to which plaintiff has no objection.

In opposition to Russo's motion to quash, plaintiff claims that the language of DR 5-102(d) is not very clear.  As such, plaintiff does not need to show that Russo's testimony is "necessary" in order to require him to testify and that his testimony would not require him to withdraw, but that, if he feels uncomfortable continuing

with this case if required to testify, plaintiff does not object and will agree to an adjournment of the trial date.

The Court is not persuaded by plaintiff that Russo's testimony is remotely necessary, if at all relevant. First, the reasons for the assertions made in Russo's declaration are, most likely, protected by attorney-client privilege and/or attorney work-product doctrine. As such, Russo would not be able to testify to that which plaintiff appears to seek — *viz.*, whether and why defendant wanted Russo to make his declarations and why Russo made those declarations. Second, plaintiff has not shown why Russo would be a relevant fact witness — *viz.*, what particular knowledge Russo has about the language of DR 5-102(d) that would make him a viable, much less necessary, witness.

Accordingly, it is hereby **ORDERED** that plaintiff has not shown cause why defendant's motion to quash should not be granted, that defendant's motion to quash is granted, that plaintiff's subpoena served on Russo is quashed and that the parties shall appear before this Court on March 31, 2006 at 3:00 p.m. to set a date for trial.

DATED:   Buffalo, N.Y.

March 14, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.